## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| FREDERICK SHIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.: 2:06-CV-219-PPS |
| v. | ) | |
| | ) | |
| CITY OF HAMMOND, OFFICER RACHEL MILLER, OFFICER ADAM CLARK, DETECTIVE THOMAS GRABOWSKI, AND OFFICER KEITH MARKERT, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Compel the Defendant City of Hammond to Respond to Certain Discovery and Produce Documents [DE 34], filed by the Plaintiff, Frederick Shields, on December 27, 2006. Defendant City of Hammond ("City") filed a response on January 10, 2007, and Plaintiff filed a reply on January 17, 2007.

According to the Complaint filed in this matter on June 20, 2006, Plaintiff, a paraplegic confined to a wheelchair, brings this action pursuant to 42 U.S.C. § 1983, alleging that his rights were violated when he was shocked with a taser by a Hammond police officer and was sprayed with mace by another Hammond police officer. The alleged event took place outside a hospital in Hammond, Indiana, where Mr. Shields was visiting his brother, who was hospitalized. The Complaint alleges counts of excessive force, false arrest, and failure to intervene by individual officers all pursuant to a policy and practice of the Hammond Police Department. The subsequently filed Amended Complaint and Second Amended Complaint name the individual officers, the identities of whom had previously been unknown to Plaintiff.

Plaintiff propounded discovery in this matter related to his *Monell* policy or custom claim, among others, against the City in the form of interrogatories and requests for production of documents. Three of these discovery requests are the subject of the instant motion to compel. First, Plaintiff's Request for Production Number 9 requests "[a]ll Documents relating to every Complaint alleging misconduct by officers of the Hammond Police Department, whether any discipline was in fact imposed. This request includes, but is not limited to, all investigations into those Complaints and discipline resulting therefrom. This request is limited to the past ten years." Pl. Br., Exh. B. Second, Request for Production Number 10 asks for "[a]ll Documents relating to every use of a [taser] by any member of the Hammond Police Department, including but not limited to all arrest reports, case reports, use of force reports, and investigatory records." *Id*. The City objected to both requests as overbroad, unduly burdensome, and not calculated to lead to admissible evidence but did produce the requested documents as they related to individual Defendant Officers Miller and Clark. Third, Interrogatory Number 11 provides:

> List every incident in which officer A. Clark and/or any member of the Hammond Police Department has utilized a [taser] in the course of an arrest and/or in carrying out his or her police duties. For each incident state: a) the nature of the incident; b) the date of the incident; c) the name, address and telephone number of the Person [tasered]; d) the injuries resulting from that person [tasered]; e) the location of the incident; and f) whether the Person [tasered] was referred for criminal charges and, if so, identify the charges; and g) the final disposition of the charge(s).

Pl. Br., Exh. C. The City objected to this interrogatory as overbroad, unduly burdensome, and not calculated to lead to admissible evidence but did provide all documents related to Officer Clark's usage of the taser.

Federal Rule of Civil Procedure 26 provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good

2

cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Discovery is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* In this context, relevancy encompasses "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U .S. 340, 351 (1978). Nevertheless, Rule 26 provides for limits on the frequency or extent of discovery if the Court determines that

> (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). District courts have broad discretion in matters relating to discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

The United States Supreme Court has held that municipalities are persons for the purposes of § 1983 such that they may be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). Thus, Plaintiff argues that the three discovery requests listed above are reasonably calculated to lead to admissible evidence and are indispensable to his *Monell* claim. Plaintiff also argues that the documents requested are easily identifiable as citizen

3

complaint files are maintained by the Internal Affairs Office of the Police Department and each use of a taser is recorded and documented by the Department through the use of force reports as well as a log that describes each incident. Plaintiff further asserts that use of force files that have been produced for the Defendant Officers are not voluminous, most being less than ten pages.

Because Plaintiff's cause of action includes claims against the municipality, the information Plaintiff seeks regarding citizen complaints and use of tasers generally is relevant under Rule 26. However, the Court also finds that limits on the scope and time from which these records are sought are properly imposed in order to avoid an undue burden on the City and to ensure that the records sought are relevant to the issues related to the incident involving Plaintiff in this case. Accordingly, to balance the policies of relevancy and undue burden, the Court finds that (1) the City shall respond to Request for Production Number 9 but that the scope of response shall be limited to (a) complaints that allege or relate to excessive use of force of any kind and (b) the time period between February 10, 2002, and February 10, 2006; (2) the City shall respond to Request for Production Number 10 but the scope of the response shall be limited to the time period between January 1, 2004, and February 10, 2006; and (3) the City shall respond to Interrogatory 11 but that the scope of the response for all Hammond Police Department officers other than Officer Adam Clark shall be limited to the time period between January 1, 2004, and February 10, 2006 – there is no time limit for the requested information relating to Officer Adam Clark using a taser device while carrying out his police duties.

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** the Motion to Compel the Defendant City of Hammond to Respond to Certain Discovery and Produce Documents [DE 34].  The Court **ORDERS** that Defendant City of Hammond produce the documents and answer the interrogatories served by the Plaintiff in accordance with this Order.

SO ORDERED this 25th day of January, 2007.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATE DISTRICT COURT

cc:  All counsel of record